Milton A. Wiltse, J.
On October 8, 1971, the Grand Jury returned an indictment against the defendant in which he was charged in several counts with grand larceny in the second degree, falsifying business records in the first degree, and violations of the General Business Law.
He moved on December 15, 1971 for suppression, from use as evidence, of all of the business records of the Steelware Corporation, of which he is president, which are in the possession of the Attorney-General; for their return; that he be granted immunity; and that the indictment be dismissed. The claim is that the Fourth and Fifth Amendments to the United States Constitution and the law of this State require such relief.
It appears that no hearing or further argument is necessary. The moving papers are accompanied by a memorandum of law, defense counsel argued the points to some extent on December 15, and the Attorney-General has submitted papers in opposition *742 to the motion, including a memorandum which has attached to it a transcript of a proceeding held on August 5, 1971. The pertinent facts are contained in the several papers. Questions of law remain.
A subpoena was issued to the defendant in July of 1971, and a subpoena duces tecum addressed to the Steelware Corporation, in which various corporate books and records were mentioned, mailed to a member of the Longeretta firm the same month. Thereafter, on August 5, 1971, by arrangement between counsel, defendant and one of his attorneys appeared at the Attorney-General’s office in New York, where a hearing was held before members of the Attorney-General’s staff.
By a letter there submitted, defendant’s counsel set forth, in substance, that he was invoking the protection afforded by the Fourth and Fifth Amendments of the United States Constitution, on behalf of the Steelware Corporation and Mr. Longo.
At the hearing, the latter refused to answer any questions on the grounds ‘1 that they might tend to incriminate him ’ ’ ;■ and his attorney produced and delivered the corporate books and records, saying he was doing it “ with objection ”.
He was not ‘1 ordered ” to do so, and neither was the defendant 1 ‘ ordered ’ ’ to testify.
For an individual to gain immunity under section 50.20 of the Criminal Procedure Law, he must have been ‘ ‘ ordered ’ ’ to give testimony.
As early as Wilson v. United States (221 U. S. 361), and prior and subsequent thereto, up to and including Bank of Buffalo v. Skinitis (36 A D 2d 891), the principles have been enunciated that a corporation may not assert that production of its records is an unreasonable search and seizure under the Fourth Amendment, and that the privilege against self incrimination is not available to corporate defendants or its officers.
The relief sought by the defendant upon these motions should be denied.